| | |
|---|---|
| 1 | ROD M. FLIEGEL, Bar No. 168289 |
| | ALISON S. HIGHTOWER, Bar No. 112429 |
| 2 | ALLEN P. LOHSE, Bar No. 236018 |
| | LITTLER MENDELSON, P.C. |
| 3 | 333 Bush Street, 34th Floor |
| | San Francisco, CA 94104 |
| 4 | Telephone: (415) 433-1940 |
| | Facsimile: (415) 399-8490 |
| 5 | Email: rfliegel@littler.com |
| | ahightower@littler.com |
| 6 | alohse@littler.com |
| 7 | Attorneys for Defendants |
| | MARYLAND MARKETSOURCE, INC., |
| 8 | ALLEGIS GROUP, INC., and ALLEGIS |
| | GROUP HOLDINGS, INC. |

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ESPARZA, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARYLAND MARKETSOURCE, INC., a Maryland corporation; ALLEGIS GROUP, INC., a Maryland corporation; ALLEGIS GROUP HOLDINGS, INC., a Maryland corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANTS MARYLAND MARKETSOURCE, INC., ALLEGIS GROUP, INC. AND ALLEGIS GROUP HOLDINGS, INC.** |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004

CASE NO.                                    NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant MARYLAND MARKETSOURCE, INC., ALLEGIS GROUP, INC. and ALLEGIS GROUP HOLDINGS, INC. (hereinafter "Defendants"), hereby notice the removal of the above-captioned suit from the San Mateo County Superior Court ("Superior Court") to the United States District Court for the Northern District of California, San Francisco Division (the "District Court"). This removal is based on 28 U.S.C. §§ 1441 and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C § 1331 (federal question jurisdiction), and, in the alternative, based on 28 U.S.C § 1332(d) (Class Action Fairness Act or "CAFA"), and/or 28 U.S.C. § 1331(a) (diversity jurisdiction).

As required by 28 U.S.C. § 1446(d), Defendants are filing in the Superior Court, and serving upon Plaintiff and his counsel of record, a <u>Notice To State Court and Adverse Parties of Removal of Civil Action To Federal Court</u> (with these removal papers attached). A true and correct copy of said Notice without its attachments is attached hereto as **Exhibit A**.

In support of this Notice of Removal, Defendants state the following:

**I.    STATE COURT PROCEEDINGS**

1. On or about April 12, 2018, Plaintiff Johnny Esparza ("Plaintiff") filed a putative class action Complaint in the Superior Court of California, County of San Mateo which is captioned as follows: *Johnny Esparza, on behalf of himself, all others similar situated v. Maryland MarketSource, Inc., Allegis Group, Inc. Allegis Group Holdings, Inc., and Does 1 through 50, inclusive*, designated as Case No. 18CIV01821. A true and correct copy of the Complaint (along with related case-initiating documents) served on Defendants on April 18, 2018 is attached hereto as **Exhibit B** (hereinafter the "Complaint") and incorporated herein by reference.

2. Plaintiff's Complaint alleges ten causes of action for: (1) Failure to Provide Proper Disclosure in Violation of the FCRA; (2) Failure to Give Proper Summary of Rights in Violation of the FCRA; (3) Failure to Make Proper Disclosure in Violation of the ICRAA; (4) Failure to Make Proper Disclosure in Violation of the CCRAA; (5) Failure to Provide Meal Periods; (6) Failure to Provide Rest Periods; (7) Failure to Pay Hourly and Overtime Wages; (8) Failure to

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004

CASE NO.                                    NOTICE OF REMOVAL TO FEDERAL COURT

Provide Accurate Written Wage Statements; (9) Failure to Timely Pay All Final Wages; and (10) Unfair Competition.

   3. In addition to his own claims, Plaintiff seeks to represent various classes. (*See* Complaint ¶ 16). Those classes include:

   a. <u>FCRA Class</u>: Plaintiff seeks to represent "[a]ll of Defendants' current, former, and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered…"

   b. <u>ICRAA Class</u>: Plaintiff seeks to represent "[a]ll of Defendants' current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered…"

   c. <u>CCRAA Class</u>: Plaintiff seeks to represent "[a]ll of Defendants' current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered…"

   d. <u>Hourly Employee Class</u>: Plaintiff seeks to represent "[a]ll persons employed by Defendants and/or any staffing agencies and/or any third parties in hourly or non-exempt positions in California during the Relevant Time Period." Plaintiff defines "Relevant Time Period" as "the period beginning four years prior to the filing of this action until judgment is entered."

   e. <u>Meal Period Sub-Class</u>: Plaintiff seeks to represent "[a]ll Hourly Employee Class members who worked in a shift in excess of five hours during the Relevant Time Period."

   f. <u>Rest Period Sub-Class</u>: Plaintiff seeks to represent "[a]ll Hourly Employee Class members who worked in a shift of a least three and one-half (3.5) hours during the Relevant Time Period."

   g. <u>Wage Statement Penalties Sub-Class</u>: Plaintiff seeks to represent "[a]ll Hourly Employee Class members employed by Defendants in California during the period beginning one year prior to the filing of this action and ending when final judgment is entered."

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004  2.

CASE NO.  NOTICE OF REMOVAL TO FEDERAL COURT

      h.    <u>Waiting Time Penalties Sub-Class</u>: Plaintiff seeks to represent "[a]ll Hourly Employee Class members who separated from their employment with Defendants during the period beginning three years prior to the filing of this action until judgment is entered."

      i.    <u>UCL Class</u>: Plaintiff seeks to represent "all Hourly Employee Class members employed by Defendants in California during the Relevant Time Period."

4. In his Complaint, Plaintiff states that he is a resident of the State of California and was employed by Defendant in the State of California. (*See* Complaint ¶¶ 8-11, 24).

5. Plaintiff seeks unpaid wages, liquidated damages, actual damages, restitution, declaratory relief, prejudgment interest, statutory penalties, civil penalties, attorneys' fees and costs of suit, among other damages. (*See* Complaint, Prayer for Relief). Plaintiff's Complaint is otherwise silent as to the value of relief sought by way of this action.

6. Defendants filed a timely Answer to the Complaint on May 17, 2018 in the Superior Court. A true and correct copy of Defendants' Answer is attached hereto as **Exhibit C**.

7. To the best of Defendants' knowledge, no further proceedings have been filed in Plaintiff's state court action in the Superior Court, and the papers described above constitute all process, pleadings and orders filed and/or served in the Superior Court.

## II. TIMELINESS OF REMOVAL

8. The instant Notice of Removal of Civil Action has been timely filed because it is made within thirty (30) days after the receipt by Defendants of a copy of the initial pleading which sets forth the removable claim. *See* 28 U.S.C. § 1446(b); Federal Rule of Civil Procedure, Rule 6(a)(1)(C); (*See* Exhibits B-C).

## III. JURISDICTION AND VENUE

9. This is a suit of a wholly civil nature brought in a California court. Venue is appropriate in this Court for purposes of this removal because the action was removed from the Superior Court of California for the County of San Mateo to the District embracing the place where the action is pending pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446.

10. The District Court also has original jurisdiction under the CAFA, 28 U.S.C. section 1332(d), and the action may be removed pursuant to 28 U.S.C. section 1446, in that this

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004    3.

CASE NO.    NOTICE OF REMOVAL TO FEDERAL COURT

action is brought on behalf of greater than one hundred (100) persons, at least one of whom is a citizen of a state different from any defendant, wherein the amount in controversy exceeds the sum of five million dollars ($5,000,000), exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

**IV.   INTRADISTRICT ASSIGNMENT**

11.   All civil actions that arise in the County of San Mateo shall be assigned to the San Francisco Division or the Oakland Division.  Northern District Local Rule 3-2(c)(d), 3-5(b).  Thus, assignment to the San Francisco or Oakland Division is proper.

**V.   REMOVAL JURISDICTION PURSUANT TO FEDERAL QUESTION**

12.   This Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) as Plaintiff's Complaint refers to and arises out of alleged violations of a federal statute, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*.  Specifically, Plaintiff's Complaint asserts that Defendants violated the FCRA by allegedly procuring or causing to be procured "credit and background reports" for employment purposes through documents that allegedly were "embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents."  (*See* Complaint, ¶¶ 47-59).  Plaintiff's Complaint further alleges that Defendants violated the FCRA by allegedly failing to provide summary of rights documents.  (*See* Complaint, ¶¶ 61-71).[1]

13.   All other claims for relief under various California statutory laws are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), because they are so related to the FCRA claims that they form part of the same case or controversy.  Plaintiff's other state law claims are all derivative of his FCRA claim since they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004).  Jurisdiction is thus appropriate for all of Plaintiff's claims that are transactionally related to the federal claim.

---

[1] Defendants reserve all rights and do not waive any contention that Plaintiff lacks standing pursuant to Article III of the U.S. Constitution because he has not alleged any injury-in-fact.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

## VI.   IN THE ALTERNATIVE, REMOVAL JURISDICTION PURSUANT TO CAFA

14.     In the alternative, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are greater than 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of qualifying actions in accordance with 28 U.S.C. § 1446. This case meets each of CAFA's requirements for removal because, as is set forth more particularly below: (1) the proposed class contains at least 100 members; (2) there is diversity between at least one putative class member and any of the defendants; (3) the total amount in controversy exceeds $5,000,000; and (4) Defendants are not state officials, or other governmental entities.

### A.   Plaintiff's Case Is Pled As A Class Action.

15.     Under CAFA, a "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

16.     Plaintiff's Complaint asserts that he is attempting to represent various classes of former, current, and prospective applicants or employees of Defendants during time periods starting from one to seven years before the filing of the action. (*See* Complaint ¶ 16).

### B.   Plaintiff Brings This Action On Behalf Of More Than 100 Persons.

17.     CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

18.     Here, the putative classes that Plaintiff purports to represent significantly exceed one hundred (100) members. Plaintiff seeks to certify an "Hourly Employee Class" consisting of all non-exempt employees in California during the "Relevant Time Period," which is

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004        5.

CASE NO.                                                     NOTICE OF REMOVAL TO FEDERAL COURT

defined as four years prior to the filing of the Complaint. (*See* Complaint ¶ 16). Records indicate that Plaintiff's former employer, Defendant Maryland MarketSource, Inc. ("MarketSource"), employed approximately 8,162 non-exempt employees in California during this period. (*See* **Exhibit D** [Declaration of Alison Nisbett (hereinafter "Nisbett Decl.")], ¶ 3). Plaintiff's "FCRA Class" is even broader, as it seeks to certify a class consisting of "[a]ll of Defendants' current, former, and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered…" (*See* Complaint ¶ 14).

19.    Plaintiff's proposed classes significantly exceed one hundred (100) members. (*See* Nisbett Decl. ¶ 3). Thus, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. Plaintiff Is A Citizen Of California And Defendants Are Not Citizens Of California.

20.    CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

21.    For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship). Per Plaintiff's Complaint, Plaintiff resides in the State of California. (*See* Complaint ¶ 8). Additionally, employment records reflect that Plaintiff informed Defendants that his home address was in Buena Park, California. ("Nisbett Decl. ¶ 2). Therefore, Plaintiff is a citizen of California.

22.    For diversity purposes, a corporation is deemed to be a "citizen" of the state in which it has been incorporated and the state where it has its principal place of business. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

/ / /

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004     6.

CASE NO.                                                                 NOTICE OF REMOVAL TO FEDERAL COURT

1     23.    MarketSource is a corporation formed under the laws of Maryland and headquartered in Hanover, Maryland, with its principal executive offices in Alpharetta, Georgia. (*See* **Exhibit E** [Declaration of Irvin DeAndrei Drummond ("Drummond Decl.")] ¶ 2).

     24.    Defendant Allegis Group, Inc. is a corporation formed under the laws of Maryland and headquartered in Maryland. (Drummond Decl. ¶ 4).

     25.    Defendant Allegis Holding Group, Inc. is a holding corporation formed under the laws of Maryland. (Drummond Decl. ¶ 6).

     26.    For these reasons, the requirements for diversity jurisdiction are met because Plaintiff and Defendants are citizens of different states.

**D.    More Than $5,000,000 Is In Controversy.**

     27.    CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether the matter in controversy exceeds this amount.

     28.    Plaintiff has not alleged a specific amount in controversy in his Complaint. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy has been met." *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Abrego Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006). That is, the defendant need only provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds CAFA's $5 million requirement. *See Guglielmino*, 506 F. 3d at 699; *accord, Rodriguez v. AT & T Mobility Serv. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

     29.    "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted). *See also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004      7.

CASE NO.                                NOTICE OF REMOVAL TO FEDERAL COURT

amount put in controversy by plaintiff's complaint). The estimate of the amount in controversy should not be based on the "low end of an open-ended claim," but rather on a "reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citation omitted).

30. Further, as one district court held, "[u]nder this standard, 'the removing party's burden is "not daunting," and defendants are not obligated to "research, state, and prove the plaintiff's claims for damages."'" *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-cv-02134-MCE-KJN, 2014 U.S. Dist. LEXIS 21571, at *19-20 (E.D. Cal. Feb. 19, 2014) (citations omitted) (denying remand motion). That court noted that "[w]hen a '(d)efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '(d)efendant has established by a preponderance of the evidence that the amount in controversy is met."' *Id.* at *20, *quoting Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted). Importantly, Defendants need not provide summary judgment-type evidence. *Cagle,* 2014 U.S. Dist. LEXIS 21571, at *21.

31. Plaintiff seeks statutory and actual damages, punitive damages, attorneys' fees and declaratory relief. (*See* Complaint, Prayer for Relief).

32. While Defendants deny Plaintiff's claims of wrongdoing and deny his request for relief, the facial allegations in Plaintiff's Complaint and the total amount of statutory damages and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the $5 million jurisdictional minimum. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). Plaintiff seeks to represent a class of all of Defendants' non-exempt employees who have been employed in California over a four-year period prior to the filing of the Complaint. (*See* Complaint ¶ 14). Plaintiff alleges causes of action for: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Hourly and Overtime Wages; (4) Failure to Provide Accurate Written Wage Statements; (5) Failure to Timely Pay All Final Wages; and (6) Unfair Competition.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004          8.

CASE NO.                                           NOTICE OF REMOVAL TO FEDERAL COURT

33.     Although Defendants dispute liability, Plaintiff has brought the above claims seeking to represent himself and a putative class with approximately 8,162 members, who have worked more than 284,628 workweeks, with an average of at least 34 workweeks per class member. (Nisbett Decl. ¶ 3). At all relevant times, the average wage of the putative class members exceeded the minimum wage in California. (Nisbett Decl. ¶ 4). At least 3,798 employees in the putative class were employed by Defendant in the period from April 12, 2017 to date, and at least 5,552 employees in the putative class were employed by Defendant in the period from April 12, 2015 to date, but are no longer employed. (Nisbett Decl. ¶¶ 5-6).

34.     During the class period at issue (April 12, 2014 to the present), by law, the lowest minimum wage at any point was $9.00 per hour. Conservatively using this figure to estimate the damages placed at issue (even though the putative class members' wages were higher), the amount in controversy for all such persons far exceeds $5,000,000.00. For this purpose we estimate one meal period and rest break per week that did not comply with California law, one hour of unpaid overtime per week at $13.50 an hour.

| Alleged Violation | Total Amount in Controversy Calculated for Alleged Violation |
|---|---|
| Failure To Provide Meal Periods (Fifth Cause of Action) 1 meal period x 280,000 workweeks x $9/hr. | $2,520,000 |
| Failure to Pay Rest Periods (Sixth Cause of Action) 1 rest period x 280,000 workweeks x $9/hr. | $2,520,000 |
| Failure to Pay Hourly and Overtime Wages (Seventh Cause of Action) 1 hour x 280,000 workweeks x $13.50 | $3,780,000 |
| Failure to Provide Accurate Wage Statements (Eighth Cause of Action) (based on one out of four wage statements violating Lab. C. 226) $1,050/EE x 3,798 employees | $3,987,900 |
| Waiting Time Penalties (Ninth Cause of Action) $9/hr. x 8 hrs. a day x 30 days =$2,610 x 5,552 class members | $11,992,320 |
| **TOTAL:** | $24,800,220 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Firmwide:154729837.1 090024.1004                                   9.

CASE NO.                                                                                         NOTICE OF REMOVAL TO FEDERAL COURT

35. These calculations of potential damages are based on Plaintiff's wage and hour allegations alone. Plaintiff also has asserted claims against Defendants for alleged willful violations of the FCRA and two similar California statutes, the Investigative Consumer Reporting Agencies Act and the Consumer Credit Reporting Agencies Act. (*See* Complaint ¶ 3). On his FCRA claim, he seeks to certify a nationwide class of all current, former, and prospective applicants for employment for which a background check was performed. (*See* Complaint ¶ 16.) These claims would significantly increase potential exposure.

36. Accordingly, although Defendants deny Plaintiff's claims of wrongdoing, based on the foregoing, Plaintiff's claims for damages, attorneys' fees, and other monetary relief conservatively exceed the jurisdictional minimum under CAFA.

37. Should CAFA jurisdiction over Plaintiff's claims not be appropriate for any reason, there is still federal question jurisdiction over the FCRA claims, and all other claims for relief under California law are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), as noted above.

## VII. DIVERSITY JURISDICTION ALSO EXISTS

38. Section 1332(a) provides, in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States[.]"

39. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to section 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

40. As mentioned above, Plaintiff is a resident of California and Defendants, together, are citizens of Maryland and Georgia. *See* Section IV(C), *supra*. Therefore, the complete diversity requirements of 28 U.S.C. § 1332(a) are satisfied.

41. For removal under section 1332(a), at least one named class member must have claimed damages in excess of the jurisdictional minimum. *See Exxon Mobile Corporation v.*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004    10.

CASE NO.                                             NOTICE OF REMOVAL TO FEDERAL COURT

*Allapattah Services, Inc.*, 125 S. Ct. 2611, 2631 (2005).  In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what defendant will actually owe if Plaintiff prevails.  *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe.  It's a question as to what is in controversy.").

42.  Plaintiff was employed by Defendant MarketSource, Inc. from around November 19, 2013 until around October 17, 2017, when his employment ended. (Complaint ¶ 24).  During this time, Plaintiff earned at least $10.50 per hour as a full time employee.  (Nisbett Decl. ¶ 9).  Therefore, based on a conservative estimate, Plaintiff's claimed damages, coupled with attorneys' fees, exceed the jurisdictional minimum, as set forth in the below chart.  *See, e.g., Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).

| Alleged Violation by Plaintiff Only | Total Amount in Controversy Calculated for Alleged Violation |
|---|---|
| Failure To Provide Meal Periods (Fifth Cause of Action)<br>178 workweeks x $10.50/hour x 1 meal period per week | $1,869 |
| Failure to Pay Rest Periods (Sixth Cause of Action) x 1 rest period per week | $1,869 |
| Failure to Pay Hourly and Overtime Wages (Seventh Cause of Action)<br>178 workweeks x $15.75 overtime per hour x 1 hour of overtime per week | $28,035 |
| Failure to Provide Accurate Wage Statements (Eighth Cause of Action)<br>$4,000 maximum | $2,650 |
| Waiting Time Penalties (Ninth Cause of Action)<br>$10.50 x 8 hours x 30 days | $2,520 |
| **SUBTOTAL:** | $36,943 |
| Attorneys' Fees for the Above-Listed Alleged Violations | $50,000 |

Littler Mendelson, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004

11.

CASE NO.                                                                 NOTICE OF REMOVAL TO FEDERAL COURT

|  |  |
|---|---|
| **Total:** | **$86,943** |

43. By filing the Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses available at law, in equity or otherwise. Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions.

DATED: May 18, 2018

*/s/ Rod M. Fliegel*
ROD M. FLIEGEL
ALISON HIGHTOWER
ALLEN P. LOHSE
LITTLER MENDELSON, P.C.

Attorneys for Defendants
MARYLAND MARKETSOURCE, INC., ALLEGIS GROUP, INC., and ALLEGIS GROUP HOLDINGS, INC.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Firmwide:154729837.1 090024.1004

12.

CASE NO.                                    NOTICE OF REMOVAL TO FEDERAL COURT